**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN THOMAS ENTLER, | No. 09-35571 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-05695-FDB |
| v. | |
| ELDON VAIL, Secretary of the Dept of Corrections, in his official and personal capacity, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Franklin D. Burgess, District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

John Thomas Entler, a Washington State prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging denial of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

access to courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Nelson v. Heiss,* 271 F.3d 891, 893 (9th Cir. 2001), and we affirm.

The district court properly dismissed Entler's action because defendant was not required to assist Entler in serving the summonses and complaints in his prior state court actions challenging the conditions of his confinement under state law. *See Lewis v. Casey*, 518 U.S. 343, 354-55 (1986) (the constitutional right of access to courts applies only to habeas petitions in which inmates directly or collaterally attack their convictions or sentences, and to federal civil rights actions in which they challenge the conditions of their confinement under federal law); *see also Cornett v. Donovan*, 51 F.3d 894, 896 (9th Cir. 1995) (right of access to the courts "is designed to ensure that a habeas corpus petition or a [federal] civil rights complaint of a person in state custody will reach a court for consideration").

The district court did not abuse its discretion by denying Entler leave to amend because he could no longer add new claims against new parties as a matter of right, *see* Fed. R. Civ. P. 15., and the deficiencies in his complaint could not be cured, *see Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

The district court also properly entered a strike against Entler under the Prison Litigation Reform Act on the ground that Entler's action failed to state a claim. *See* 28 U.S.C. § 1915(g).

Entler's remaining contentions are unpersuasive.

**AFFIRMED**.